**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HOWARD CROSBY,

     Plaintiff,

v.                               Case No. 8:21-cv-2730-TPB-CPT

LLOYD AUSTIN, III, et al.,

     Defendants.

_____/

## ORDER DENYING "PLAINTIFFS' MOTION FOR STAY, TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT"

This matter is before the Court on "Plaintiffs' Motion for Stay, Temporary Restraining Order and Preliminary Injunction and Memorandum in Support," filed on December 13, 2021.[1]  (Doc. 10).  On January 6, 2022, the United States filed a response in opposition.  (Doc. 15).  On January 17, 2022, Plaintiff Howard Crosby filed a reply.  (Doc. 25).  The Court conducted a hearing on February 11, 2022, to address this and other matters.  Upon review of the motion, response, case file, and record, the Court finds as follows:

---

[1] The Court notes that the complaint was filed on behalf of seventeen named Plaintiffs. (Doc. 1).  Two later voluntarily dismissed their claims.  (Docs. 26; 43).  On February 22, 2022, the Court severed and dismissed all claims, other than those alleged by Plaintiff Howard Crosby, without prejudice.  (Doc. 44).  Crosby was the only plaintiff with any connection to the Middle District of Florida, Tampa Division, and is the only plaintiff remaining in this case.

## Background

On August 23, 2021, the Food and Drug Administration ("FDA") licensed the Pfizer covid-19 vaccine.  The next day, the Department of Defense ("DoD") directed each military branch to require full vaccination of all service members.

Plaintiff Howard Crosby is a Sergeant Major in the U.S. Army Reserves.  He has honorably served the United States of America for 23 years and has received several awards and commendations for his service.  Crosby alleges that he is willing to take the FDA-licensed "Comirnaty" vaccine but not the EUA BioNTech vaccine. Crosby claims that he has received counseling from his commanding officer for vaccine refusal, and that he has been pressured to sign counseling statements and threatened with a letter of reprimand, which would result in receiving a less than honorable discharge and the loss of retirement and veteran's benefits.

## Legal Standard

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 2020 WL 6948354, at *1 (Nov. 25, 2020).  "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion

to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

## Analysis

To the extent that Crosby challenges the vaccine mandate under 21 U.S.C. § 360bbb-3, the statutory "informed consent" provision does not confer a private right of action.  That exact issue has already been thoroughly considered, and correctly decided, by another member of this court. *See Navy Seal 1 v. Biden*, No. 8:21-cv-2429-SDM-TGW, 2021 WL 5448970, at *3 (M.D. Fla. Nov. 22, 2021).

To the extent that Crosby challenges the vaccine mandate under 10 U.S.C. § 1107a,[2] he is unlikely to prevail.  Although the Pfizer vaccine has been licensed as safe and effective, Crosby appears to argue that the licensed vaccine, which is marketed as "Comirnaty," remains unavailable in the United States.  However, Crosby does not allege that he was specifically denied an FDA-licensed dose.  He does not allege that he was only offered a dose from a non-FDA-complaint vial. Because he has not shown that he is or will be required to receive an EUA-labeled, non-FDA-compliant vaccine, Crosby has not shown a likelihood of success on the merits.[3]  *See Doe #1-#14 v. Austin*, No. 3:21-cv-1211-AW-HTC, 2021 WL 5816632, at *6 (N.D. Fla. Nov. 12, 2021) ("Because the plaintiffs have not shown they are (or

---

[2] 10 U.S.C. § 1107a prohibits the military from administering an emergency vaccine without the service member's consent.

[3] At the hearing, counsel for Defendants indicated that they believed that Comirnaty was available and that if Crosby filed an Article 138 complaint, the military would be able to make sure he gets the proper vial.  (Doc. 40 at 82-83).  This Court sincerely hopes that a practical, common-sense solution to this dispute that is fair to all parties can be reached as soon as possible.  Sgt. Crosby has served our country honorably, and he deserves to have his concerns taken seriously and resolved fairly.

will be) required to receive an EUA-labeled, non-BLA-compliant vaccine, the plaintiffs have not shown a likelihood of success."); *Navy Seal 1*, 2021 WL 5448970, at *3 (denying a preliminary injunction because the plaintiffs failed "to show that the military will require – imminently or otherwise – a service-member plaintiff to receive an emergency vaccine not complying with the FDA license."). As such, the motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiffs' Motion for Stay, Temporary Restraining Order and Preliminary Injunction and Memorandum in Support" (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>1st</u> day of March, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**