# EXHIBIT 2



# DoD Instruction 1300.17

# Religious Liberty in the Military Services

| | |
|---|---|
| **Originating Component:** | Office of the Under Secretary of Defense for Personnel and Readiness |
| **Effective:** | September 1, 2020 |
| **Releasability:** | Cleared for public release. Available on the Directives Division Website at https://www.esd.whs.mil/DD/. |
| **Reissues and Cancels:** | DoD Instruction 1300.17, "Accommodation of Religious Practices Within the Military Services," February 10, 2009, as amended |
| **Incorporates and Cancels:** | Assistant Secretary of Defense for Force Management Policy Memorandum, "Sacramental Use of Peyote by Native American Service Members, "April 25, 1997 |
| **Approved by:** | Matthew P. Donovan, Under Secretary of Defense for Personnel and Readiness |

**Purpose:**  In accordance with the authority in DoD Directive 5124.02, this issuance:

- Establishes DoD policy in furtherance of the Free Exercise Clause of the First Amendment to the Constitution of the United States, recognizing that Service members have the right to observe the tenets of their religion, or to observe no religion at all.

- Establishes policy, assigns responsibilities, and provides procedures for the accommodation of religious practices of Service members.

- Establishes DoD policy on the accommodation of individual expressions of sincerely held beliefs (conscience, moral principles, or religious beliefs), which do not have an adverse impact on military readiness, unit cohesion, good order and discipline, or health and safety.

- Establishes DoD policy providing that an expression of sincerely held beliefs (conscience, moral principles, or religious beliefs) may not, in so far as practicable, be used as the basis of any adverse personnel action, discrimination, or denial of promotion, schooling, training, or assignment.

- Implements requirements in Section 2000bb-1 of Title 42, United States Code (U.S.C), also known as "The Religious Freedom Restoration Act" (RFRA), and other laws applicable to the accommodation

*DoDI 1300.17, September 1, 2020*

of religious practices for DoD to provide, in accordance with the RFRA, that DoD Components will normally accommodate practices of a Service member based on a sincerely held religious belief.

- Requires DoD Components to oversee the development and provision of education and training on the policies and procedures pertaining to the accommodation of religious practices of Service members to commanders, judge advocates, chaplains, recruiters, and other personnel as deemed appropriate by the Military Department or Military Service concerned.

# TABLE OF CONTENTS

SECTION 1: GENERAL ISSUANCE INFORMATION ................................................................................ 4
   1.1. Applicability. ........................................................................................................................ 4
   1.2. Policy. .................................................................................................................................. 4
SECTION 2: RESPONSIBILITIES ........................................................................................................ 6
   2.1. Assistant Secretary of Defense for Manpower and Reserve Affairs (ASD(M&RA)). ...... 6
   2.2. DoD Component Heads Other than the Secretaries of the Military Departments. ........... 6
   2.3. Secretaries of the Military Departments. ............................................................................ 6
SECTION 3: PROCESSING ACCOMMODATION REQUESTS ................................................................. 9
   3.1. Accommodation Requests. .................................................................................................. 9
   3.2. Review of and Action on Requests for the Accommodation of Religious Practices........ 9
      a. Adjudication Authority. ................................................................................................. 9
      b. Delegation. .................................................................................................................... 9
      c. Review and Action Timelines. .................................................................................... 10
      d. Factors for Consideration............................................................................................. 10
      e. Notice of Resolution. ................................................................................................... 11
      f. Administrative Appeal Process. .................................................................................. 11
      g. Accommodation Duration and Proposals to Rescind a Granted Accommodation. ..... 11
      h. Accommodation Modification or Suspense Under Exigent Circumstances............... 12
      i. Pre-accession Procedures............................................................................................. 13
   3.3. Required Principles and Rules for Military Regulations and Policies............................. 14
   3.4. Additional Guidance Regarding the Use of Peyote. ........................................................ 15
GLOSSARY ................................................................................................................................... 17
   G.1. Acronyms. ........................................................................................................................ 17
   G.2. Definitions........................................................................................................................ 17
REFERENCES ............................................................................................................................... 19

TABLES

Table 1. Review and Action Timeline for Processing Accommodation Requests ...................... 10

# SECTION 1: GENERAL ISSUANCE INFORMATION

## 1.1. APPLICABILITY.

a. This issuance applies to OSD, the Military Departments, the Office of the Chairman of the Joint Chiefs of Staff and the Joint Staff, the Combatant Commands, the Office of Inspector General of the Department of Defense, the Defense Agencies, the DoD Field Activities, and all other organizational entities within the DoD (referred to collectively in this issuance as the "DoD Components").

b. The definitions, policies, procedures, and assignments of responsibility prescribed in this issuance apply only to the accommodation of religious practices of Service members and in no other context.

## 1.2. POLICY.

a. Pursuant to the Free Exercise Clause of the First Amendment to the United States Constitution, Service members have the right to observe the tenets of their religion or to observe no religion at all, as provided in this issuance.

b. In accordance with Section 533(a)(1) of Public Law 112-239, as amended, the DoD Components will accommodate individual expressions of sincerely held beliefs (conscience, moral principles, or religious beliefs) which do not have an adverse impact on military readiness, unit cohesion, good order and discipline, or health and safety. A Service member's expression of such beliefs may not, in so far as practicable, be used as the basis of any adverse personnel action, discrimination, or denial of promotion, schooling, training, or assignment.

c. In accordance with Section 533(b) of Public Law 112-239, as implemented by DoD Instruction 1304.28, no Service member may require a chaplain to perform any rite, ritual, or ceremony that is contrary to the conscience, moral principles, or religious beliefs of the chaplain, nor may any Service member discriminate or take any adverse personnel action on the basis of the refusal by the chaplain to comply with such requirements. This does not preclude disciplinary or administrative action for conduct by a Service member that is proscribed by Chapter 47 of Title 10, U.S.C. (the Uniform Code of Military Justice), including actions and speech that threaten good order and discipline.

d. Requests for religious accommodation will be analyzed under the standard in Paragraph 1.2.e. of this issuance using the process in Section 3 of this issuance. Accommodation of practices reflecting a Service member's sincerely held conscience or moral principles will be governed by the policies of the DoD Component concerned.

e. DoD Components have a compelling governmental interest in mission accomplishment at the individual, unit, and organizational levels, including such necessary elements of mission accomplishment as military readiness, unit cohesion, good order and discipline, and health and safety. In accordance with RFRA and the guidance in this issuance, DoD Components will normally accommodate practices of a Service member based on sincerely held religious belief.

Accommodation includes excusing a Service member from an otherwise applicable military policy, practice, or duty.  In accordance with RFRA, if such a military policy, practice or duty substantially burdens a Service member's exercise of religion, accommodation can only be denied if:

(1)  The military policy, practice, or duty is in furtherance of a compelling governmental interest.

(2)  It is the least restrictive means of furthering that compelling governmental interest.

In applying the standard in Paragraphs 1.2.e.(1) and 1.2.e.(2), the burden of proof is placed upon the DoD Component, not the individual requesting the exemption.

   f.  Requests for the accommodation of religious practices will be reviewed and acted on as soon as possible, in accordance with this issuance and any DoD Component implementing guidance.

   g.  In accordance with provisions in Paragraphs 1.2.e and 1.2.f of this issuance, immediate commanders may resolve requests for accommodation of religious practices that do not require a waiver of DoD Component policies regarding the wearing of military uniforms, the wearing of religious apparel, or Service grooming, appearance, or body art standards.

*DoDI 1300.17, September 1, 2020*

# SECTION 2: RESPONSIBILITIES

## 2.1. ASSISTANT SECRETARY OF DEFENSE FOR MANPOWER AND RESERVE AFFAIRS (ASD(M&RA)).

Under the authority, direction, and control of the Under Secretary of Defense for Personnel and Readiness, the ASD(M&RA):

   a.  Is responsible for the administration of this issuance and for oversight of the implementation of the policies and procedures it establishes.  Issues guidance to the DoD Components, as necessary, concerning the accommodation of religious practices and the implementation of the policies in this issuance.

   b.  Acts on Military Department requests regarding limitations on the use, possession, or transportation of peyote cactus for religious practices, in addition to those already listed in Paragraph 3.4. of this issuance, in accordance with Paragraph 3.4.a.(4) of this issuance.

## 2.2. DOD COMPONENT HEADS OTHER THAN THE SECRETARIES OF THE MILITARY DEPARTMENTS.

The DoD Component heads other than the Secretaries of the Military Departments:

   a.  Ensure that requests for the accommodation of religious practices are processed or forwarded for review and action in accordance with this issuance and the implementing regulations and policies of the Military Department and Military Service to which the Service member belongs.

   b.  Establish component regulations and policies to address the Service member's sincerely held conscience or moral principles in accordance with Paragraph 1.2.d. of this issuance.

## 2.3. SECRETARIES OF THE MILITARY DEPARTMENTS.

The Secretaries of the Military Departments:

   a.  Adhere to all provisions of this issuance.

   b.  Administer their respective programs and update existing regulations and policies, or develop and distribute new guidance, as appropriate, to implement the provisions of this issuance.  Implementing issuances will, consistent with this issuance:

      (1)  Establish controls to ensure compliance with established procedures and processing timelines applicable to accommodation requests.

      (2)  Designate appropriate agency officials to review and act on the following:

*DoDI 1300.17, September 1, 2020*

    (a) Requests for the accommodation of religious practices.

    (b) Requests for an exemption to an otherwise applicable Military Department or Military Service policy in support of the requesting Service member's exercise of religion or furtherance of religious practices, including, but not limited to, requests pertaining to:

      1. Religious apparel, including religious body art.

      2. Grooming.

      3. Medical practices, including DNA (deoxyribonucleic acid) specimen sampling and immunizations.

    (c) Requests from a Service member's command to rescind a previously granted accommodation.

   (3) Ensure, to the greatest extent practical, the consistent application of the policies and procedures prescribed by this issuance to similarly situated requests for the accommodation of religious practices throughout their respective Military Departments.

   (4) Develop and implement a standards-based approach to the review of, and final action on, requests for the accommodation of religious practices to promote predictable outcomes for the same or similar requests. Such standards will be evidence-based and address commonly requested accommodations. The Military Departments and Military Services will issue or update applicable regulations and policies to authorize officers or officials at the lowest appropriate level of command or supervision to review and take final action on requests for accommodations covered by such standards, in accordance with this issuance. The absence of a standards-based approach to a requested accommodation will not, standing alone, serve as the basis for denying the request. Such a standards-based approach may include:

    (a) A list of accommodations of religious practices that may, in ordinary circumstances, be granted to a member serving in a particular military occupational specialty, rating, specialty code, or duty assignment.

    (b) Specific guidance on factors to be considered in making individual determinations with regard to a commonly requested or other accommodation of religious practices. Such factors may include those enumerated in Paragraph 3.2.d. of this issuance.

    (c). Provide information about the policies and procedures governing the accommodation of religious practices and religious expression to prospective Service members, in accordance with Paragraph 3.2.i. of this issuance.

    (d) Request, as appropriate, approval from the ASD(M&RA) regarding limitations on the use, possession, or transportation of peyote cactus for religious practices, in addition to those already listed in Paragraph 3.4. of this issuance, in accordance with Paragraph 3.4.a.(4) of this issuance.

(5) Oversee the development and provision of education and training on the policies and procedures pertaining to the accommodation of religious practices of Service members to:

    (a) Commanders.

    (b) Judge advocates.

    (c) Chaplains.

    (d) Recruiters.

    (e) Other personnel as deemed appropriate by the Military Department or Military Service concerned.

*DoDI 1300.17, September 1, 2020*

# SECTION 3: PROCESSING ACCOMMODATION REQUESTS

### 3.1. ACCOMMODATION REQUESTS.

    a. Service members submitting a request for accommodation will continue to comply with the policy, practice, or duty from which an accommodation has been requested unless and until informed that the request has been approved by the appropriate authority. Exceptions to this requirement may only be granted in exceptional circumstances, in accordance with the implementing regulations and policies promulgated by the Military Department and Military Service concerned.

    b. Requests for accommodation submitted by a cadet or midshipman enrolled at a Military Service Academy or in a Senior Reserve Officers' Training Corps program will be addressed in accordance with this issuance and the implementing regulations and policies promulgated by the Military Department and Military Service concerned.

    c. Nothing in this issuance precludes disciplinary or administrative action for conduct by a Service member that is prohibited by Chapter 47 of Title 10, U.S.C., also known as "The Uniform Code of Military Justice."

### 3.2. REVIEW OF AND ACTION ON REQUESTS FOR THE ACCOMMODATION OF RELIGIOUS PRACTICES.

    **a. Adjudication Authority.**

Requests for the accommodation of religious practices that can be approved consistent with Military Department and Military Service regulations or policies, (e.g., current uniform and grooming standards) will be reviewed and acted on at the lowest appropriate level of command or supervision, as provided in the regulations and policies of the Military Department and Military Service concerned and in accordance with this issuance. Requests for the accommodation of religious practices that require the waiver of otherwise applicable Military Department and Military Service regulations and policies will be forwarded to the Secretary of the Military Department concerned. Records concerning requests for accommodations will be maintained in accordance with DoD Instruction 5400.11.

    **b. Delegation.**

The Secretary of a Military Department may delegate, in writing, the authority to act on requests for the accommodation of religious practices that require the waiver of otherwise applicable Military Department and Military Service regulations and policies only as described in Paragraph 3.2.b.(1) through 3.2.b.(3).

    (1) Department of the Army.

        Delegation may be no lower than the Deputy Chief of Staff, G-1.

DoDI 1300.17, September 1, 2020

### (2) Department of the Navy.

Delegation may be no lower than the Chief of Naval Personnel, or the Deputy Commandant of the Marine Corps for Manpower and Reserve Affairs, as appropriate.

### (3) Department of the Air Force.

Delegation may be no lower than the Air Force Deputy Chief of Staff for Manpower, Personnel, and Services, or the Deputy Chief of Space Operations for Personnel and Logistics Services, as appropriate.

### c. Review and Action Timelines.

Requests for the accommodation of religious practices will be reviewed and acted on as soon as practicable, and no later than the timelines provided in Table 1. Exceptions to this review and action timeline may be granted only in exceptional circumstances, as determined by the regulations and policies of the Military Department and Military Service concerned.

**Table 1. Review and Action Timeline for Processing Accommodation Requests**

| Action to be Taken | For Requests Within the United States | For Requests Outside the United States or for Reserve Component Service Members Not on Active Duty |
|---|---|---|
| **Action on Requests for Religious Accommodation that Can Be Approved Consistent with Existing Military Department or Military Service Regulations or Policies** | | |
| Review and final action completed and written notification to requesting Service member provided | No later than 30 business days from Service member submission | No later than 60 days from Service member submission |
| **Action on Requests for Religious Accommodation that Require the Waiver of Otherwise Applicable Military Department or Military Service Regulations or Policies** | | |
| Written request for accommodation received by the Office of the Secretary concerned[1] | No later than 30 days from Service member submission to commander or supervisor | No later than 60 days from Service member submission to commander or supervisor |
| Review and final action completed and written notification to requesting Service member provided | No later than 60 days from receipt by the Office of the Secretary concerned.[1] Must be provided to the Service member within 5 days of final action | |
| | 1. Unless authority is delegated to a subordinate official in accordance with Paragraph 3.2.b of this issuance. | |

### d. Factors for Consideration.

Officials charged with making recommendations or taking final action on a Service member's request for the accommodation of religious practices will review each request

individually, considering the full range of facts and circumstances relevant to the specific request. Factors to consider include:

(1) The compelling governmental interest in mission accomplishment, including military readiness, unit cohesion, good order and discipline, or health and safety.

(2) Alternate means available to address the requested accommodation. The means that is least restrictive to the requestor's religious practice and that does not impede a compelling governmental interest will be determinative.

### e. Notice of Resolution.

A Service member will be promptly informed of the approval or disapproval of his or her request for accommodation in accordance with Table 1.

(1) A Service member's request for the accommodation of religious practices may be granted in whole or in part. The Service member will be informed in writing of any conditions or limitations placed on the grant that are necessary to meet the DoD's compelling governmental interest in mission accomplishment, such as, for example, conditions related to:

(a) Deployment;

(b) Health and safety issues relative to particular assignments or types of assignments; or

(c) Training events or ceremonial occasions that require a Service member to conform to military standards to protect health and safety, or maintain good order and discipline.

(2) A Service member whose request is granted in part will be informed, in writing, of the specific elements of that approval.

### f. Administrative Appeal Process.

The regulations and policies of a Military Department or Military Service implementing this issuance will provide a process for Service members to appeal the denial of a request for accommodation of religious practices, or any condition on such accommodation. Appeals will be sent to an official in the chain of command or chain of supervision above the officer or official who took final action on the request. No further administrative appeal will be available for a decision made by the Secretary of the Military Department.

### g. Accommodation Duration and Proposals to Rescind a Granted Accommodation.

An approved request for accommodation will remain in effect during follow-on duties, assignments, or locations, and for the duration of a Service member's military career, including after promotions, reenlistment or commissioning, unless and until rescinded in accordance with the requirements of this issuance.

(1) In accordance with this issuance and the implementing policies and regulations of the Military Department and Military Service concerned, an approved accommodation may be subject to review and rescission, in whole or in part, at any time, based upon a determination that the circumstances under which the grant of accommodation was approved have changed (e.g., deployment, new duties, or other material change in circumstances).  The Military Department or Military Service concerned—not the individual Service member—bears the burden of initiating a proposal to review and rescind an accommodation previously granted.

(2) When a Military Department or Military Service initiates a proposal to review and rescind an accommodation previously granted, an appropriate officer or official will forward a written summary of the nature of the materially changed circumstances that require such review and repeal to the Service member concerned for comment.

   (a) The Service member will be:

      1. Allotted no fewer than 10 days to review and comment on the proposed rescission of the accommodation.

      2. Afforded the opportunity to review and comment on any endorsements of this proposal from the chain of command.

      3. Afforded, subject to security classification requirements, the opportunity to review and comment on any documents or attachments to the proposal or subsequent endorsements.

   (b) Any comments submitted by the Service member will be forwarded for consideration by the appropriate official authorized to act on the matter, in accordance with this issuance.

(3) A proposal to review and rescind a previously approved accommodation must be acted on at a level of authority no lower than that at which the accommodation was granted, in accordance with this issuance and the regulations and policies of the Military Department and Military Service concerned implementing this issuance.  The standard for repealing a previously granted accommodation, in whole or in part, is the same as the standard for denying a request for the accommodation of religious practices in the first place, and the same factors must be considered, as appropriate.

**h. Accommodation Modification or Suspense Under Exigent Circumstances.**

Under exigent circumstances and in furtherance of a compelling governmental interest due to operational necessity, when time is of the essence and no less restrictive means of religious accommodation are available, a commander at a level determined by the Military Department or Military Service concerned may temporarily modify or suspend accommodations granted, upon notice to the Service member concerned and without benefit of appeal.  The level of this commander must be no lower than the officer exercising Summary Court-Martial Convening Authority over a Service member who has previously been granted an accommodation of religious practices.

(1) To the extent practicable, the commander concerned, if not a general officer or flag officer, or member of the senior executive service, will notify, in advance, the first general officer or flag officer, or member of the senior executive service, as appropriate, in the affected Service member's chain of command or supervision, of the commander's intent to modify or suspend a previously granted accommodation.  When such advance notice is not practicable, the commander concerned will notify the appropriate general officer or flag officer, or member of the senior executive service, as appropriate, as soon as circumstances permit.

(2) The Service member concerned may be required to immediately comply with the modification or suspension of an accommodation, if circumstances so warrant.

(3) The modification or suspension of the accommodation will apply for only the minimum period required by the circumstances.

### i. Pre-accession Procedures.

(1) Applicants to the Military Services will be informed of the policies and procedures for the accommodation of religious practices in accordance with this issuance, and as implemented by the Military Department or Military Service concerned.  These applicants include individuals who apply for:

(a) A commissioning program;

(b) A warrant officer program;

(c) Enlistment or entry in the Military Services;

(d) Reenlistment (or reentry) in the Military Services;

(e) Enrollment in a Military Service Academy or a Senior Reserve Officers' Training Corps program (including Military Service Academy preparatory schools); or

(f) The award of a scholarship or other benefit that requires a commitment to serve as a Service member.

(2) The Military Departments and Military Services will develop processes for the review and action on pre-accession requests for the accommodation of religious practices and establish those processes in appropriate regulations and policies.  Such processes must provide applicants the opportunity to submit a request for accommodation of religious practices, and receive a final decision on that request, before participation in the commissioning program, warrant officer program, enlistment, reenlistment, enrollment in a Military Service Academy or a Senior Reserve Officers' Training Corps program, or award of such scholarship or benefit.  The review and processing of such requests must be consistent with this issuance.

*DoDI 1300.17, September 1, 2020*

### 3.3. REQUIRED PRINCIPLES AND RULES FOR MILITARY REGULATIONS AND POLICIES.

DoD Component regulations and policies must include the following principles and rules:

    a. Worship practices, holy days, and Sabbath or similar religious observance requests will be accommodated to the extent possible, consistent with mission accomplishment and will normally not require a religious accommodation request.

    b. A Service member's religious practices will be considered in acting on a request for separate rations. Accommodation requests for separate rations may be adjudicated at the command level.

    c. A Service member's religious practices will be considered in acting on a request for exemption from required medical practices. Action on a request for medical exemption must be consistent with mission accomplishment, including consideration of potential medical risks to other persons comprising the unit or organization.

    d. The following rules govern the wear of items of religious apparel:

        (1) In accordance with Section 774 of Title 10, U.S.C., Service members may wear items of religious apparel while in uniform, except in circumstances in which wearing the item would interfere with the performance of the member's military duties or the item of apparel is not neat and conservative. The Military Departments and Military Services will prescribe regulations governing the wear of such items. Factors that may be considered in determining whether an item of religious apparel interferes with military duties include, but are not limited to, whether the item:

            (a) Impairs the safe and effective operation of weapons, military equipment, or machinery.

            (b) Poses a health or safety hazard to the Service member wearing the religious apparel or to others.

            (c) Interferes with the wear or proper function of special or protective clothing or equipment (e.g., helmets, protective masks, wet suits).

            (d) Otherwise impairs mission accomplishment.

        (2) Religious items or articles not visible or apparent may be worn with the uniform, provided they do not interfere with the performance of the Service member's military duties, as described in Paragraph 3.3.d.(1) of this issuance, and do not interfere with the proper wear of any authorized article of the uniform.

        (3) Under regulations and policies of the Military Department and Military Service concerned, religious headgear may be worn with the uniform whenever a military cap, hat, or other headgear is not prescribed. Religious headgear may also be worn underneath prescribed

military headgear, provided it does not interfere with the proper wear, function, or appearance of the headgear, as described in Paragraph 3.2.d.(1).

(4)  Notwithstanding any other provision in this issuance, while conducting worship services and during the performance of rites and rituals associated with his or her religious faith, a chaplain may wear with the military uniform any required religious apparel or accouterments associated with the traditions or practices of his or her religious faith.

(5)  In evaluating requests for the accommodation of religious practices related to body art, these factors will be among those considered:

(a)  Whether the body art is neat and conservative.

(b)  The location of the body art, including whether the body art is visible when the Service member is wearing the military uniform.

### 3.4.  ADDITIONAL GUIDANCE REGARDING THE USE OF PEYOTE.

a. There are additional rules governing the use of peyote in religious practices.  In accordance with Section 1996a of Title 42, U.S.C. (also known as the "American Indian Religious Freedom Act Amendments of 1994"), Service members who are members of Indian tribes as defined in that statute may use, possess, or transport the peyote cactus as a religious sacrament in connection with the bona fide practice of a traditional Indian religion, and will not be penalized or discriminated against on the basis of such use, possession, or transportation.  Reasonable limitations on the use, possession, transportation, or distribution of peyote may be imposed to promote military readiness, promote safety, or comply with international law or laws of other countries.  The Secretaries of the Military Departments will prescribe regulations authorizing the use, possession, or transportation of peyote cactus and imposing limitations on such use, possession, or transportation including, but not limited to, the following:

(1)  Peyote will not be used on duty or within 24 hours before scheduled military duty.

(2)  Peyote may be possessed in amulet form, not for ingestion, and such an amulet may be worn as an item of religious apparel subject to Military Service uniform regulations.  Otherwise, peyote will not be used, possessed, distributed, or introduced aboard military vehicles, vessels, or aircraft or, except when permitted by the installation commander, on military installations.

(3)  A Service member who has used peyote will promptly notify their commander upon return to duty after such use.

(a)  The Secretary of the Military Department concerned may require pre-use notification by Service members performing designated duties when it is in the interest of military readiness or safety to notify commanders of a Service member's intent to use peyote.

    (b) Upon notification of use or intended use of peyote, the Service member will provide documentation verifying membership in an Indian tribe as defined by Section 1996a(c)(2) of Title 42, U.S.C.

   (4) The establishment by the Secretary of a Military Department of limitations on the use, possession, or transportation of peyote cactus, in addition to those already listed in Paragraph 3.4. of this issuance, must be consistent with RFRA, the Free Exercise Clause of the First Amendment to the Constitution of the United States, any other applicable statutes such as the American Indian Religious Freedom Act Amendments of 1994, and this issuance.  Any such additional limitations must be approved, in advance, by the ASD(M&RA).  Before approving any additional limitation proposed by the Secretary of a Military Department, the ASD(M&RA) will consult with representatives of traditional Indian religions for which the sacramental use of peyote is integral to their practice, pursuant to Section 1996a(b)(7) of Title 42, U.S.C.

  b. Requests by Service members for the accommodation of a religious practice involving the use, possession, or transportation of any substance other than peyote, the use, possession, transportation, manufacturing, or distribution of which is prohibited by law or policy, will be forwarded to the Secretary of the Military Department concerned for resolution.  Before taking final action on any such accommodation request, the Secretary of the Military Department concerned will notify the ASD(M&RA).

DoDI 1300.17, September 1, 2020

# GLOSSARY

## G.1. ACRONYMS.

| ACRONYM | MEANING |
|---|---|
| ASD(M&RA) | Assistant Secretary of Defense for Manpower and Reserve Affairs |
| RFRA | Religious Freedom Restoration Act |
| U.S.C. | United States Code |

## G.2. DEFINITIONS.

These terms and their definitions are for the purpose of this issuance.

| TERM | DEFINITION |
|---|---|
| compelling government interest | In the DoD, a military requirement that is essential to accomplishment of the military mission. In accordance with Paragraph 1.2.e. of this issuance, DoD Components have a compelling governmental interest in mission accomplishment at the individual, unit, and organizational levels, including such necessary elements of mission accomplishment as military readiness, unit cohesion, good order and discipline, and health and safety. |
| neat and conservative | In the context of the wear of a military uniform, items of religious apparel that:<br><br>    Are discreet, tidy, and not dissonant or showy in style, size, design, brightness, or color.<br><br>    Do not replace or interfere with the proper wear of any authorized article of the uniform.<br><br>    Are not temporarily or permanently affixed or appended to any authorized article of the uniform. |
| pre-accession | The period of time before a prospective Service member's participation in a commissioning program, warrant officer program, enlistment (or entry), reenlistment (or reentry), or enrollment in a Military Service Academy or a Senior Reserve Officers' Training Corps program. |

*DoDI 1300.17, September 1, 2020*

| **TERM** | **DEFINITION** |
|---|---|
| **religious apparel** | Articles of clothing, jewelry or other such accoutrements the wearing of which is part of the observance of the religious faith practiced by the Service member. |
| **religious body art** | Temporary or permanent tattoos, piercings through the skin or body parts, or other modifications to the body that are a part of a Service member's religious practice. |
| **religious practice** | An action, behavior, or course of conduct constituting individual expressions of religious beliefs, whether or not compelled by, or central to, the religion concerned. |
| **substantial burden** | A governmental act is a substantial burden to a Service member's exercise of religion if it:<br><br>    Requires participation in an activity prohibited by a sincerely held religious belief;<br><br>    Prevents participation in conduct motivated by a sincerely held religious belief; or<br><br>    Places substantial pressure on a Service member to engage in conduct contrary to a sincerely held religious belief. |

*DoDI 1300.17, September 1, 2020*

# REFERENCES

DoD Directive 5124.02, "Under Secretary of Defense for Personnel and Readiness (USD(P&R))," June 23, 2008

DoD Instruction 1304.28, "Guidance for the Appointment of Chaplains for the Military Departments," June 11, 2004, as amended

DoD Instruction 5400.11, "DoD Privacy and Civil Liberties Programs," January 29, 2019

Section 533 of Public Law 112-239, the "National Defense Authorization Act for Fiscal Year 2013," December 18, 2012, as amended

United States Code, Title 10

United States Code, Title 42

United States Constitution